Lea Haber Kuck
Elizabeth A. Hellmann
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Respondent Mitsui Sumitomo Seguros S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
In the Matter of the Application of    :
                                       :
ALSTOM BRASIL ENERGIA E TRANSPORTE :   Civ. A. No.: _____
LTDA.; ALSTOM POWER, INC.,             :
                                       :
                    Petitioners,       :   **NOTICE OF REMOVAL**
                                       :
         vs.                           :
                                       :
MITSUI SUMITOMO SEGUROS S.A.,          :
                                       :
                    Respondent.        :
------------------------------------- x

PLEASE TAKE NOTICE that Respondent Mitsui Sumitomo Seguros S.A. ("Mitsui" or "Respondent"), by its undersigned attorneys, files this Notice of Removal, pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1331, removing the above-captioned action from the Supreme Court of the State of New York, County of New York ("State Court") to the United States District Court for the Southern District of New York.  The grounds for removal are as follows:

**STATE COURT ACTION**

1.     On August 6, 2015, Petitioners Alstom Brasil Energia E Transporte Ltda. and Alstom Power, Inc., ("Alstom" or "Petitioners") commenced an action before the State Court, entitled *Alstom Brasil Energia E Transporte Ltda.; Alstom Power, Inc. v. Mitsui Sumitomo Seguros S.A.*, Index No. 652731/15 (the "State Court Action"), by filing a Petition to Confirm

Arbitration Award ("Petition to Confirm"). Attached hereto as Exhibits A and B, respectively, are true and correct copies of the Notice of Petition to Confirm Arbitration Award, filed September 10, 2015, and the Petition to Confirm, filed August 6, 2015.

2. On August 5, 2015, Petitioners obtained an Order to Show Cause from the Hon. Margaret A. Chan, placing the court file for the State Court Action under seal until Petitioners' application to seal the file was decided. Attached hereto as Exhibit C is a true and correct copy of the signed Order to Show Cause, filed August 6, 2015.

3. In the State Court Action, the Petitioners seek to confirm an arbitral award rendered by Arbitrators Stavros Brekoulakis, Lawrence W. Pollack and Dr. Lauro Gama, Jr. (collectively, the "Tribunal") dated July 10, 2015 (the "Award") in an arbitration conducted pursuant to the Rules of Arbitration of the International Chamber of Commerce , in force from January 1, 2012, captioned *(1) Alstom Brasil Energia E Transporte LTDA (Brazil) (2) Alstom Power Inc. (USA) v. Mitsui Sumitomo Seguros S.A.*, ICC Case No. 20686/RD (the "Arbitration").

4. Mitsui was not a signatory to the arbitration agreement pursuant to which Petitioners brought their arbitration, did not agree to submit any dispute to arbitration, and has steadfastly maintained that the Tribunal lacked jurisdiction over it and the dispute.

5. According to the papers filed in the State Court Action, on or about October 14, 2015, Petitioner purported to serve Respondent by mail, pursuant to N.Y. B.C.L. § 307.[1]

6. Respondent has not previously sought similar relief with respect to this matter.

---

[1] True and correct copies of the documents filed by Petitioners in the State Court are attached hereto as Exhibits A-L. Exhibits D-L include: the Memorandum of Law in Support of Petitioners' Motion to Seal Certain Documents and Materials in the Record of the Proceedings to Confirm the Arbitration Award; the Memorandum of Law in Support of Petition to Confirm the Arbitration Award; the Request for Judicial Intervention; the Affidavit of Service dated September 14, 2015; the Affirmation in Support of Petitioners' Motion to Seal, with Exhibits A and B; the Affirmation in Support of Petition to Confirm the Arbitration Award (with Exhibits A and B omitted); and the Affidavit of Service dated October 12, 2015.

## JURISDICTION AND VENUE

7. The State Court Action may be removed pursuant to the removal provisions of Chapter Two of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, done in New York City on June 10, 1958 (the "New York Convention").

8. Chapter Two of the FAA provides that the "[t]he [New York] Convention . . . shall be enforced in United States courts in accordance with this chapter." *See* 9 U.S.C. § 201. As described in further detail below, the New York Convention governs in this case, and Chapter Two of the FAA provides for original federal subject matter jurisdiction.

9. Furthermore, Section 205 of the FAA provides for a right of removal of actions falling under the New York Convention:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the [New York] Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205; *see also* 28 U.S.C. § 1331 (authorizing federal question removal based, *inter alia*, on "civil actions arising under the . . . treaties of the United States").

10. Whether an award falls under the New York Convention is governed by Section 202 of the FAA, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the [New York] Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the

> [New York] Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

11. The Award falls under the New York Convention because it arises out of a legal relationship that is considered commercial and is not entirely between citizens of the United States.

12. Section 203 of the FAA provides that "*[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States*. The district courts of the United States . . . shall have *original jurisdiction* over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203 (emphasis added).

13. The State Court Action thus is an action over which this Court has original jurisdiction under 9 U.S.C. § 203 and an action that may be removed to this Court by Respondent under 9 U.S.C. § 205.

14. This Notice of Removal is being submitted without conceding that the Petition to Confirm has any basis in law or fact, and without waiving any of Respondent's defenses or claims, including, but not limited to (a) the lack of personal jurisdiction over Respondent in U.S. courts, (b) the invalidity of service on Respondent, (c) that this is an inconvenient forum for Alstom's Petition to Confirm and Respondent's right to challenge forum and to move for dismissal on grounds of *forum non conveniens*, and (d) Respondent's challenge to the jurisdiction and authority of the Tribunal over Respondent and the dispute.

## TIMELY REMOVAL

15. 9 U.S.C. § 205 provides that "the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States." This Notice of Removal is timely because it was filed before the trial in the State Court Action.

## SERVICE

16. Concurrent with the filing of this Notice of Removal, Respondent is serving this Notice of Removal upon Petitioners' counsel and will promptly file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, New York County.

WHEREFORE, notice is given that this action is removed from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York.

Dated: New York, New York
October 19, 2015

Respectfully submitted,

*/s/ Lea Haber Kuck / Elizabeth A. Hellmann*

Lea Haber Kuck
lea.kuck@skadden.com
Elizabeth A. Hellmann
betsy.hellmann@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

*Attorneys for Respondent Mitsui Sumitomo Seguros S.A.*

TO:

Paul R. Koepff
The Chrysler Building
CLYDE & CO. LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174

*Attorneys for Petitioners Alstom Brasil Energia E Transporte Ltda. and Alstom Power, Inc.*